IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CRYSTAL PENNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:21-CV-06112-WJE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Crystal Pennell ("Pennell") seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401–434, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. Administrative Law Judge Christine A. Cooke ("ALJ") found that although Ms. Pennell had several severe and non-severe impairments, she retained the residual functional capacity ("RFC") to perform sedentary work. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

### I. Background

Ms. Pennell protectively filed a claim for DIB and SSI on November 14, 2018. (AR 11). She alleged a disability onset date of March 31, 2018, due primarily to post-traumatic stress disorder, bipolar disorder, depression, anxiety, and degenerative disease in the hips and back. (*Id.* 11, 241). Her claims were denied initially on February 11, 2019. (*Id.* 11). She filed a written request

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

for hearing which was held on October 29, 2019, and followed by a supplemental telephone hearing on August 25, 2020. (*Id.*).

On September 17, 2020, the ALJ denied Ms. Pennell's claims. (*Id.* 8). The ALJ determined that although Ms. Pennell had severe and non-severe impairments, none of them met or exceeded a listed impairment. (*Id.* 14-17). She also determined that Ms. Pennell had an RFC to perform sedentary work with certain limitations, including:

> Claimant is able to sit 6 hours out of 8 hours; and she can stand and walk for 2 hours out of 8 hours. Claimant is able to lift, carry, push, or pull negligible weights, such as files or documents, weighing up to 5 pounds frequently and up to and including 10 pounds occasionally. She should never climb ladders, ropes, or scaffolding. Claimant can occasionally climb stairs or ramps; stoop; kneel; crouch; and crawl. She should never have concentrated exposure to extreme cold or to vibration. She should never have any exposure to hazards, such as dangerous machinery or unprotected heights. Claimant must have job duties that are simple, repetitive, and routine. The duties must be consistently the same with little or no change. Claimant should never be expected to travel in the course of her job duties except to and from one primary job location. She is able to concentrate and persist for 2-hour segments before requiring a break of at least 10-15 minutes. Claimant should never have job duties that require interaction with the public as a primary function. She can have up to occasional contact with co-workers and with supervisors. Her contact with co-workers must be incidental and not in a team setting.

(*Id.* 17). During the October 29, 2019 hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Ms. Pennell's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 22-23, 39-41). The VE testified that such an individual could perform work as a document preparer, circuit board assembler, or packager. (*Id.* 23, 41).

Following the ALJ's decision, Ms. Pennell filed an appeal with the Appeals Council. (*Id.* 188-89). The Appeals Council denied Ms. Pennell's request for review, leaving the ALJ's decision as the Acting Commissioner's final decision. (*Id.* 1-3). Since Ms. Pennell has exhausted all

administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.    Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) and 1382c(a) rests on the claimant. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520, 416.920; *see Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019). The Commissioner must evaluate:

    (1) whether the claimant is presently engaged in a substantial gainful activity;
    (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
    (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
    (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
    (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted); *see Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted).

## III.    Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Ms. Pennell raises two issues in her appeal before the Court. She argues that the RFC decision is not supported by substantial evidence because it is impermissibly vague and the ALJ did not properly consider the various medical opinions. (*See* Doc. 10 at 8-19). The Acting Commissioner contends that Ms. Pennell has failed to establish any error in the ALJ's decision, and the decision should be affirmed. (Doc. 13 at 2). The Court finds that substantial evidence supports the RFC decision because it is clear and the ALJ properly considered the medical opinions. Accordingly, this Court affirms.

*A. The RFC decision is clear.*

"A claimant's RFC is the most [she] can still do despite [her] limitations." *Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (quotation omitted). "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (quoting *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004)). "[A]n RFC does not represent the least an individual can do despite her limitations or restrictions, but the most." *Freeman v. Astrue*, No. 4:10-CV-00485-NKL, 2011 WL 241951, at *5 (W.D. Mo. Jan. 24, 2011) (quotation omitted). The ALJ must "describe the maximum amount of

each work-related activity the individual can perform based on the evidence available in the case record." Social Security Ruling 96-8p, 1996 WL 374184, at *7 (S.S.A. 1996). Courts have found the RFC decision impermissibly vague when the ALJ only finds that the claimant can do light work, rather than making specific findings regarding the claimant's ability to sit, stand, walk, or perform various other work-related activities. *Miller v. Berryhill*, No. 4:16-CV-1242-SPM, 2017 WL 4310386, at *4-5 (E.D. Mo. Sept. 28, 2017).

Here, the Court finds that substantial evidence supports the ALJ's decision because the RFC decision is not impermissibly vague. The ALJ assessed Ms. Pennell's RFC based on relevant evidence in the record, including her medical records, treating physicians' opinions, and Ms. Pennell's own testimony regarding her limitations. (AR 17-22). The ALJ's finding that Ms. Pennell was "able to concentrate and persist for 2-hour segments before requiring a break of at least 10-15 minutes" was not impermissibly vague. (*Id.* 20). While the phrase includes that Ms. Pennell's breaks need to be "at least" ten to fifteen minutes long, this limitation still captures the maximum amount of a work-related activity Ms. Pennell can perform. *See* SSR 96-8p. Specifically, the ALJ found that the most Ms. Pennell can do, despite her limitations, is concentrate for two hours. *See id.* Thus, the RFC decision is sufficiently clear.[2] *See Miller*, 2017 WL 4310386, at *4-5.

    B.   *The ALJ properly considered the medical opinions.*

---

[2] Ms. Pennell also argues that substantial evidence does not support the RFC decision because the hypothetical question posed to the VE included the limitation that "[s]he can concentrate and persist for two-hour segments before requiring a break of 10 to 15 minutes." (Doc. 10 at 10-12; AR 40). For the same reasons discussed in this paragraph, the Court finds that the hypothetical question accurately captured the concrete consequences of [Ms. Pennell's] deficiencies because it stated the maximum amount of time Ms. Pennell could concentrate before requiring a break. *See Taylor v. Chater*, 118 F.3d 1274, 1278-79 (8th Cir. 1997).

"Under the applicable regulations, no single medical opinion or medical source is given specific evidentiary weight, including controlling weight." *Healy v. Kijakazi*, No. 20-03304-CV-S-WBG, 2022 WL 987749, at *2 (W.D. Mo. Mar. 31, 2022) (citing 20 C.F.R. § 404.1520c(a)).

> Instead, the ALJ must evaluate the persuasiveness of medical opinions by considering five factors: supportability, consistency, relationship with the claimant (including length of treatment relationship, frequency of examination, purpose of treatment relationship, extent of treatment relationship and examining relationship), specialization, and other factors that tend to support or contradict a medical opinion.

*Id.* (quotation omitted). "Supportability and consistency are the most important factors." *Id.* (quotation omitted). Further, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citing *Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013)). Nor must the ALJ "rely entirely on a particular physician's opinion." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (quotation omitted). "The ALJ [is] not required to adopt [a particular physician's] opinion verbatim." *Porter v. Berryhill*, No. 4:17-CV-00072-NKL, 2018 WL 1183400, at *12 (W.D. Mo. Mar. 7, 2018).

Here, the ALJ found the opinions of Dr. David Stern, Nurse Practitioner Brenda Lang, and Dr. Steven Brushwood unpersuasive. (AR 21). In doing so, the ALJ discussed the supportability and consistency of each opinion, finding that the opinions were not supported by normal mental status findings, treatment notes, and Ms. Pennell's daily activities, which included shopping in public, visiting tanning salons, attending football games, and working at a bar. (*Id.* 19-21). Further, while the ALJ found Dr. Kirk Boyenga's and Mr. Tom Bein's opinions persuasive, she was not required to adopt the opinions verbatim. *See Porter*, 2018 WL 1183400, at *12. This Court finds that the RFC decision adequately encompasses the limitations in Dr. Boyenga's and Mr. Bein's opinions. The RFC decision includes that Ms. Pennell is limited to two hours segments of concentration; simple, repetitive, and routine job duties; no travel; little change in her job duties; and limited public interactions. (AR 20). Thus, the RFC decision is supported by substantial

evidence because the ALJ properly considered the medical opinions by addressing the supportability and consistency of the unpersuasive medical opinions and adequately adopting limitations from the persuasive medical opinions.

## V. Conclusion

For the reasons as set forth herein, the Court finds the Acting Commissioner's determination that Ms. Pennell was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 17th day of June, 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge